IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY DEVON THOMPSON,

    Plaintiff,

v.                                   CASE NO. 1:17-cv-42-MW-GRJ

OFFICER ROSODO,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate formerly confined at Lancaster CI, initiated this case by filing a *pro se* civil rights complaint and has been granted leave to proceed as a pauper by separate order. The Complaint stems from events that occurred while Plaintiff was confined at the Gainesville Work Camp. Plaintiff alleges that Officer Rosodo retaliated against him for filing grievances. Rosodo's actions included intimidating and threatening Plaintiff, and conducting a strip search of Plaintiff in view of other inmates. Plaintiff seeks "all money damages", as well as declaratory and injunctive relief. ECF No. 1.

Plaintiff does not allege that he suffered any physical injury as a result of Defendant's actions. The PLRA provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in

custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Smith v. Allen* 502 F.3d 1255, 1271 (11th Cir. 2007) (citing *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.2002)). Because Plaintiff has alleged no physical injury in connection with his claims, he is barred by the PLRA from seeking compensatory and punitive damages for any claimed mental or emotional injury. *See id.*; *Al-Amin v. Smith*, 637 F.3d 1192, 1199 (11th Cir. 2011). Further, any claim for declaratory and injunctive relief in the Complaint is moot because Plaintiff is no longer confined at the Gainesville Work Camp.

Plaintiff represented that he was due to be released March 1, 2017. Because the PLRA does not preclude the recovery of nominal damages if a Plaintiff establishes a violation of a fundamental constitutional right, the Court ordered Plaintiff to notify the Court whether Plaintiff preferred to dismiss this case in order to preserve his opportunity to file a case seeking compensatory damages after his release. As of this date, Plaintiff has failed to comply with that Order. Further, a review of the DOC's online inmate locator reflects that Plaintiff was released from custody on March 1. Plaintiff has failed to notify the Court of his change of address. In view of Plaintiff's failure to respond to the Court's Order and failure to notify the

Court of his release and change of address, it appears that Plaintiff has abandoned this case.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to prosecute and failure to comply with an order of the Court.

**IN CHAMBERS** this 23rd day of March 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**